### In re CORONA AVE.

(Supreme Court, Special Term, Kings County. May 24, 1915.)

1. MUNICIPAL CORPORATIONS ⬥313—STREET OPENING PROCEEDINGS—DISCONTINUANCE—TAXATION OF EXPENSES—"PARTY INTERESTED."

　　Greater New York Charter (Laws 1901, c. 466) § 1000, authorizes the discontinuance of street opening proceedings, and provides that in such case the cash disbursements necessarily incurred in good faith by any party interested shall be paid by the city after taxation by a justice of the Supreme Court or a referee. *Held*, that the attorney for an owner of property as to which a proceeding was discontinued, having a percentage contract depending upon the amount of damages awarded to his client, was not a "party interested," whether or not there was anything differentiating his contract from a contingent fee contract.

　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 826; Dec. Dig. ⬥313.]

　　For other definitions, see Words and Phrases, First and Second Series, Interest.]

2. MUNICIPAL CORPORATIONS ⬥313—STREET OPENING PROCEEDINGS—DISCONTINUANCE—TAXATION OF EXPENSES.

　　Under Greater New York Charter, § 1000, where on an application to tax the disbursements incurred or made by an owner of property as to which a street opening proceeding was discontinued, her attorney made affidavit that his services were of the reasonable value of $500, but it was not shown, by such affidavit or otherwise, that she had incurred any obligation to pay him such sum, there was no legal evidence to justify an allowance on account of his services, since there must be positive proof before the court upon which it may make its determination.

　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 826; Dec. Dig. ⬥313.]

3. MUNICIPAL CORPORATIONS ⬥313—STREET OPENING PROCEEDINGS—DISCONTINUANCE—TAXATION OF EXPENSES.

　　Under Greater New York Charter, § 1000, upon the discontinuance of a street opening proceeding, a property owner is only entitled to repayment of disbursements actually made or incurred by him in good faith, and his compensation is not to be made upon the basis of the damages sustained by him from the discontinuance.

　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 826; Dec. Dig. ⬥313.]

In the matter of Corona Avenue, from Hampton Street to Rodman Street, Borough of Queens. On motion for the taxation of the disbursements of Tillie Viebrock. Matter referred to a referee, and motion held under advisement.

Philip B. La Roche, Jr., of New York City, for the motion.

Frank L. Polk, Corp. Counsel, and George E. Draper, Asst. Corp. Counsel, both of New York City, opposed.

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BENEDICT, J. This is an application made under section 1000 of the Greater New York Charter for the taxation of the disbursements of Tillie Viebrock, one of the claimants for damages in this proceeding. The proceeding was begun by the appointment of commissioners in December, 1913. The petitioner appeared in the proceeding by attorney, and, after filing proof of her title and various other proceedings before the commissioners appointed herein, the proceeding was discontinued as to the property of this claimant.

This application is based, not upon the affidavit of Tillie Viebrock, but upon the affidavit of her attorney. Upon the argument the corporation counsel made the preliminary objection that the application should be based upon the affidavit of the principal, and not of the attorney. In this contention I think he is right. Section 1000 of the charter permits the board of estimate and apportionment to discontinue any proceeding begun for the purpose of acquiring title to lands and premises as provided for by the charter at any time before the title shall be vested in the city of New York. The section contains also the following provisions:

"But in the case of such discontinuance the reasonable actual cash disbursements necessarily incurred and made in good faith by any party interested shall be paid by the city of New York after the same shall have been taxed by a justice of the Supreme Court, or by a referee under his special order, upon ten days' notice of such taxation being previously given to the corporation counsel."

[1-3] In reply to the preliminary objection the attorney urges, among other things, that he is a "party interested," within the meaning of the statute, because he has what he terms a percentage contract, which depends upon the amount of damages awarded to his client. This, however, he differentiates from a contingent fee contract; but whether it be regarded as one or the other is of little consequence, because it seems to me that he is not a party interested within the meaning of the statute, but is the attorney for a party interested. In his affidavit he says that the reasonable value of the services which he rendered in the proceeding to his client is the sum of $500, and he further says that in her interest he has incurred certain expenses, amounting to $75, upon which he has already paid the sum of $50; but he nowhere in his affidavit avers, nor does his client, that she has incurred to him any obligation for the payment of such sum of $500. The statute requires that the justice of the Supreme Court before whom the proceeding for the taxation is brought must be satisfied upon legal evidence "of the reasonable actual cash disbursements necessarily incurred and made in good faith by any party interested," and there is no such evidence before me concerning the attorney's charge of $500 in this case. The meaning of the statute is perfectly plain that the owner of the property as to which a proceeding of this kind has been discontinued shall not be subjected to a loss by reason of being brought into a proceeding which the public authorities of the city had determined in the public interest to discontinue. The basis upon which such compensation must be made is not damages sustained by a property owner by reason of the discontinuance, but simply and only the

repayment to him of disbursements actually made or incurred by him in good faith. It necessarily follows that, in order to justify the taxation of disbursements claimed to have been so made, there must be positive proof before the court upon which it may make the determination. This would dispose of this application, were it not for the fact that the attorney for the claimant states positively that he has paid $50 to a real estate expert on account of a claim for such expert services amounting to $75. This statement is disputed by the corporation counsel upon the ground that the expert services were not rendered exclusively to this claimant, but include services rendered to other persons. Whether that be the case or not cannot be decided upon these papers.

I shall therefore refer it to a referee to take proof of the facts and report thereon, together with his opinion and the testimony, as to the disbursements actually made or incurred by the claimant, and will hold this motion under advisement until I receive the report of the referee.